UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| R J SUNSET LLC; dba SUPER 8 MOTEL INC, <br><br> Plaintiff, <br> VS. <br><br> NATIONWIDE INSURANCE COMPANY, <br><br> Defendant. | § § § § § § § § § § § § |

CIVIL ACTION NO. 4:11-cv-84

## **MEMORANDUM & ORDER**

Pending before the Court is Defendant Nationwide Property & Casualty Insurance Company's ("Nationwide")[1] Motion for Partial Dismissal (Doc. No. 3) and Nationwide's Renewed Motion for Partial Dismissal (Doc. No. 9). For the reasons explained below, the Court **GRANTS** Nationwide's Motion for Partial Dismissal of Plaintiff's First Amended Complaint.

### I. BACKGROUND

This dispute arises out of Nationwide's alleged underpayment of Plaintiff's insurance claims related to Hurricane Ike. Plaintiff sued Nationwide in state court, asserting claims for breach of contract, non-compliance with the unfair settlement practices and prompt payment provisions of the Texas Insurance Code, violations of the Texas Deceptive Trade Practices Act ("DPTA"), breach of the duty of good faith and fair dealing, breach of fiduciary duty, misrepresentation, and common law fraud. Nationwide removed the action to this Court based on diversity jurisdiction.

---

[1] Nationwide was incorrectly named in this lawsuit as Nationwide Insurance Company.

1

Nationwide subsequently filed its Motion for Partial Dismissal, seeking the dismissal of Plaintiff's extracontractual claims pursuant to Federal Rule of Civil Procedure 12(b)(6).[2] Plaintiff timely responded and concurrently filed an amended complaint ("First Amended Complaint"). Plaintiff's one-page response stated, "Any and all defects complained of by Defendant in its Motion for Partial Dismissal have been completely cured by the filing of, and based upon the content within, Plaintiff's First Amended Complaint." (Resp. at 1, Doc. No. 6.)

Following Plaintiff's First Amended Complaint, Nationwide renewed its Motion for Partial Dismissal. In its renewed motion, Nationwide argues and the Court agrees that the Court may treat Nationwide's previous motion to dismiss as directed toward the First Amended Complaint "because the defects in [Plaintiff's prior] complaint reappear in the amended complaint." *Holmes v. Nat'l Football League*, 939 F. Supp. 517, 522 n.7 (N.D. Tex. 1996). Thus, the Court will consider the arguments presented in both of Nationwide's motions in assessing the viability of the extracontractual claims in Plaintiff's First Amended Complaint.

Nationwide's motions assail Plaintiff's First Amended Complaint in two primary ways. First, Nationwide contends that, like the Original Petition, Plaintiff's First Amended Complaint "fails to provide the required factual bases for its asserted extra-contractual causes of action." (Renewed Mot. at 2.) Indeed, in its original Motion for Partial Dismissal Defendant argues that Plaintiff's extracontractual claims rest "on factual allegations that are pled in only the most vague generalities and formulaic recitations of statutory language." (Mot. at 1.) Such "'[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements,'" it argues, "'do not suffice' under the federal rules." (*Id.*) (citing *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009)). Second, Nationwide contends that Plaintiff's allegations

---

[2] Nationwide does not challenge the sufficiency of Plaintiff's claim for breach of contract.

2

sounding in fraud "come nowhere close to the particularity required for such claims under Rule 9(b)." (*Id.*)

Without attempting to counter any of Nationwide's arguments or requesting leave to amend, Plaintiff's two-paragraph response to Nationwide's renewed motion merely reiterates that "[a]ny and all defects complained of by Defendant in its Motion for Partial Dismissal have been cured by the filing of, and based upon the content within, Plaintiff's First Amended Complaint." (Resp. to Renewed Mot. at 1, Doc. No. 12.)

**II.   LEGAL STANDARD**

"To survive a Rule 12(b)(6) motion to dismiss, a complaint 'does not need detailed factual allegations,' but must provide the plaintiff's grounds for entitlement to relief—including factual allegations that when assumed to be true 'raise a right to relief above the speculative level.'" *Cuvillier v. Taylor*, 503 F.3d 397, 401 (5th Cir. 2007) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). That is, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 129 S. Ct. at 1949 (quoting *Twombly*, 550 U.S. at 570). A claim has facial plausibility "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). The plausibility standard is not akin to a "probability requirement," but asks for more than a sheer possibility that a defendant has acted unlawfully. *Id.* A pleading need not contain detailed factual allegations, but must set forth more than "labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (citation omitted).

Ultimately, the question for the court to decide is whether the complaint states a valid claim when viewed in the light most favorable to the plaintiff. The court must accept well-

pleaded facts as true, but legal conclusions are not entitled to the same assumption of truth. *Iqbal*, 129 S. Ct. at 1950 (citation omitted). The court should not "'strain to find inferences favorable to the plaintiffs'" or "accept 'conclusory allegations, unwarranted deductions, or legal conclusions.'" *R2 Investments LDC v. Phillips*, 401 F.3d 638, 642 (5th Cir. 2005) (quoting *Southland Sec. Corp. v. Inspire Ins. Solutions, Inc.*, 365 F.3d 353, 362 (5th Cir. 2004)).

Importantly, the court should not evaluate the merits of the allegation, but must satisfy itself only that plaintiff has adequately pled a legally cognizable claim. *United States ex rel. Riley v. St. Luke's Episcopal Hosp.*, 355 F.3d 370, 376 (5th Cir. 2004). "Motions to dismiss under Rule 12(b)(6) are viewed with disfavor and are rarely granted." *Lormand v. US Unwired, Inc.*, 565 F.3d 228, 231 (5th Cir. 2009) (internal citation omitted).

Allegations involving fraud must meet the stricter requirements of Federal Rule of Civil Procedure 9(b). "'A dismissal for failure to plead fraud with particularity under Rule 9(b) is treated as a dismissal for failure to state a claim under Rule 12(b)(6)." *United States ex rel. Grubbs v. Kanneganti*, 565 F.3d 180, 186 n. 8 (5th Cir. 2009) (citing *United States ex rel. Thompson v. Columbia/HCA Healthcare Corp.*, 125 F.3d 899, 901 (5th Cir. 1997)). Rule 9(b) states:

> In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake. Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally.

Fed. R. Civ. P. 9(b). "At a minimum, Rule 9(b) requires that a plaintiff set forth the 'who, what, when, where, and how' of the alleged fraud." *Thompson*, 125 F.3d at 903 (quoting *Williams v. WMX Techs., Inc.*, 112 F.3d 175, 179 (5th Cir. 1997)). The pleader must "specify the statements contended to be fraudulent, identify the speaker, state when and where the statements were made, and explain why the statements were fraudulent." *Williams*, 112 F.3d at 177.

### III.   ANALYSIS

The Court agrees that Plaintiff's extracontractual claims are, indeed, pleaded in only the vaguest of generalities without providing factual allegations specific to this case. The facts section contained in Plaintiff's First Amended Complaint, found under the heading, "Nature of the Case," merely allege that (1) Plaintiff's property sustained damage during Hurricane Ike that was covered under a commercial insurance policy issued by Nationwide; (2) the adjuster assigned to Plaintiff's insurance claim employed result-oriented practices in rejecting parts of Plaintiff's insurance claims prior to having "any legitimate expert" investigate the property; and, (3) Nationwide improperly adjusted and otherwise mishandled Plaintiff's insurance claim and did not pay all amounts due under the relevant policy.

Further, the claims sections of Plaintiff's First Amended Complaint simply parrot the statutory language of Sections 541 and 542 of the Texas Insurance Code and the DPTA. Plaintiff's breach of the duty of good faith and fair dealing and fiduciary duty allegations are similarly lacking in specificity. Such conclusory allegations that do no more than repeat the elements of the claim are insufficient under Rule 8 of the Federal Rules of Civil Procedure. *See Twombly*, 550 U.S. 544 at 555.

With regard to Plaintiff's claims sounding in fraud, Plaintiff's First Amended Complaint wholly fails to specify the statements it contends were fraudulent, identify the relevant speakers, state when and where the statements were made, or explain why the statements were fraudulent.[3] Such allegations of fraud and misrepresentation do not satisfy Rule 9(b).

In sum, the Court concludes that Plaintiff's extracontractual claims, which are simply bare recitals of statutory elements, devoid of any specific facts, fail to state a claim upon which

---

[3] For example, Plaintiff alleges that "Nationwide fraudulently concealed material facts from [Plaintiff], the result of which caused damages to [Plaintiff] which were foreseeable as Hurricane Ike's landfall in Texas was imminent." (Compl. ¶ 45.)

relief can be granted.

When a plaintiff's complaint fails to state a claim, courts generally give the plaintiff at least one chance to amend the complaint under Rule 15(a) before dismissing the action with prejudice. *See Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 329 (5th Cir. 2002) ("[D]istrict courts often afford plaintiffs at least one opportunity to cure pleading deficiencies before dismissing a case, unless it is clear that the defects are incurable or the plaintiffs advise the court that they are unwilling or unable to amend in a manner that will avoid dismissal.") The Court does not believe that Plaintiff should be permitted to further amend its First Amended Complaint. Plaintiff has already taken advantage of the opportunity to amend once and has indicated that it is either unwilling or unable to amend again in a manner that will avoid dismissal. Indeed, Plaintiff has not requested leave to amend, instead erroneously asserting that all of the pleading deficiencies present in its Original Petition were cured with the filing of its First Amended Complaint.

## IV. CONCLUSION

The Court concludes that Plaintiff's extracontractual claims do not meet the demands of Rules 8 and 9(b) and, therefore, must be **DISMISSED** with prejudice. The Court declines to grant Plaintiff leave to amend, as it has not meaningfully contested the insufficiency of its allegations and appears unwilling or unable to avoid dismissal via amendment.

**IT IS SO ORDERED**

SIGNED at Houston, Texas, on this the 20th day of May, 2011.

KEITH P. ELLISON
UNITED STATES DISTRICT JUDGE